Susan Jane White
SUSAN JANE WHITE
C/O P.O. Box 35
Mount Pleasant, Utah near [84647]

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

MAR 24 2025

GARY P. SERDAR
CLERK OF COURT
BY _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SUSAN JANE WHITE®, ) | COMPLAINT |
| Plaintiff, ) | VERIFIED |
| -v. ) | |
| TRUIST, INC., ) | |
| NEW REZ, INC., ) | Case: 4:25-cv-00030 |
| SHELLPOINT MORTGAGE SERVICES, INC ) | Assigned To : Kohler, Paul |
| HALLIDAY, WATKINS & MANN, P.C., INC. ) | Assign. Date : 3/24/2025 |
| Defendants. ) | Description: White v. Truist et al |

### PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND

COMES NOW, person SUSAN JANE WHITE®, presented by the living soul, Susan Jane White, and files this *Complaint* against Defendant Mike McGuire, et al, and the fiction of law TRUIST, INC. ("CORP #1"), and Defendant Baron Silverstein, et al, and fiction of law NEW REZ, LLC., INC., ("CORP #2), and Defendant Joshua Bishop, et al, and fiction of law SHELLPOINT MORTGAGE SERVICES, INC. ("CORP #3), and Defendant Benjamin J. Mann, Jessica Oliveri, et al, and fiction of law HALLIDAY, WATKINS & MANN, P.C., INC. ("Attorney"), collectively referred to as "Defendants", and alleges, upon information and belief, the following:

### I.   INTRODUCTION

1. Susan Jane White, a living soul, would like to mention that she has studied for a number of months in an attempt to be very kind, knowledgeable, smooth and is an educatable woman. Susan Jane White is not belligerent and arrives with her faculties intact in an effort to learn, grow, and achieve the best possible result for all parties. Susan Jane White recognizes and has a very small amount of experience with the typical "pro se litigant" and she comprehends the frustrations and

1

exhaustions of the court. Susan Jane White asks, with full transparency, to please not label her in the same category as what has been seen before by the court.

2. Susan Jane White is very excited about the law procedures and has a great respect for the work of the court as well as the amazing effort of everyone who has contributed to our incredible system.

## II.     JURISDICTION AND VENUE

3. This court has jurisdiction over this action and all counts under 28 U.S.C. § 1331.

4. Venue in this district is proper under 28 U.S.C. § 1391 because the events giving rise to this claim originated in this district.

5. Joinder in this district is proper as to both Defendants Under Rule 20(a) of the Federal Rules of Civil Procedure as (1) the claims against the Defendants arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there is a question of law of facts common to all Defendants.

6. Through the power of naturalization, found in 8 U.S.C. 1101(a)(23), Susan Jane White confers the nationality of the State called "State of UTAH" on SUSAN JANE WHITE®, after birth, by any means whatsoever. This satisfies the jurisdictional requirements of the court.

## III.     PARTIES

7. Plaintiff is a resident of Sanpete County, Utah, which is located in this district.

8. Defendant CORP #1 is a North Carolina Foreign For-Profit Corporation with its principal place of business in the State of North Carolina. CORP #1 may be served with process upon Defendant, at 214 North Tyron Street, Charlotte, North Carolina near [28202], by Alternative Service including, but not limited to, mailing by United States Postal Service, and Notice from Court.

9. Defendant CORP #2 is a Pennsylvania Foreign For-Profit Corporation with its principal place of business in the State of Pennsylvania. CORP #2 may be served with process upon Defendant, at 1100 Virginia Drive, Suite 125, Fort Washington, Pennsylvania near [19034], by Alternative Service including, but not limited to, mailing by United States Postal Service, and Notice form Court.

10. Defendant CORP #3 is a South Carolina Foreign For-Profit Corporation with its principal place of business in the State of South Carolina. CORP #3 may be served with process upon Defendant, at 75 Beattie Place, Suite 300, Greenville, South Carolina near [29601], by Alternative Service including, but not limited to, mailing by United States Postal Service, and Notice form Court.

11. Defendant Attorney is a Utah Foreign For-Profit Corporation with its principal place of business located in the State of Utah which conducts business in the State of Utah. Attorney may be served with process, at 376 East 400 South, Suite 300, Salt Lake City, Utah near [84111], by Alternative Service including, but not limited to, mailing by United States Postal Service, and Notice from Court.

## IV.   GENERAL FACTUAL ALLEGATIONS

12. SUSAN JANE WHITE had a CORP #1 Loan Account #XXXXXX0276.

13. CORP # 1 transferred loan Plan to CORP #3 on June 6, 2024.

14. SUSAN JANE WHITE had a CORP #3 Account # XXXXXX0918.

15. CORP #3 had Attorney Record Documentation, for NOTICE OF DEFAULT AND ELECTION TO SELL Entity No. 332169, Pg. No. 1-2, dated December 24, 2024.

16. CORP #3 had Attorney Record Documentation, for SUBSTITUTION OF TRUSTEE Entity No. 332335, Pg. No. 1-2, dated January 26, 2025.

17. *Ens Legis* name "SUSAN J. WHITE" and "SUSAN JANE WHITE ® are all referring to the same person.

18. SUSAN JANE WHITE® trademark Serial Number is #XXXXX7106. (incomplete for security reasons).

19. SUSAN JANE WHITE® trademark is held by Susan Jane White.

20. Susan Jane White is the authorized representative for SUSAN JANE WHITE®.

21. Susan Jane White gave permission to CORP #1 to access and use the credit of SUSAN JANE WHITE®.

22. Susan Jane White DID NOT give permission to CORP #2 to access and use the credit of SUSAN JANE WHITE®.

23. Susan Jane White DID NOT give permission to CORP #3 to access and use the credit of SUSAN JANE WHITE®.

24. Improper performance was made on CORP #1's account by extraneous and unnecessary Federal Reserve Notes being used to pay the account.

25. Proper performance would have been to endorse the original collateral securities under special negotiation, prior to them being exchanged for Federal Reserve Notes.

26. Susan Jane White failed to do a special endorsement on the original collateral securities.

27. Had Susan Jane White known, she would have done special endorsements on these collateral securities all the way from the beginning.

28. Susan Jane White never intended to make ANY blank indorsements on behalf of SUSAN JANE WHITE®.

29. Proper performance is done primarily through clean orders and special endorsements.

30. Improper performance is done via blank indorsements and lack of orders.

31. Proper performance balances accounting.

32. Improper performance creates an imbalance in accounting.

33. There were many promissory notes made on CORP #1's account.

34. Each individual credit transaction produced an unconditional promise to pay.

35. A promissory note is an unconditional promise to pay.

36. The promissory notes are negotiable instruments.

37. "Promissory note" and "note" mean the same thing.

38. Federal Reserve Notes are promissory notes.

39. Federal Reserve Notes are negotiable instruments.

40. All promissory notes are collateral securities in accordance with 12 U.S.C. § 412.

41. Each month there was a billing statement generated on the above account.

42. A "billing statement" is an unconditional order to pay.

43. A "billing statement" or "bill" or any similar language, is another term to describe a "bill of exchange".

44. An unconditional order to pay is a bill of exchange.

45. A bill of exchange is a negotiable instrument.

46. Bills of exchange are collateral securities in accordance with 12 U.S.C. § 412.

47. All promissory notes produced by SUSAN JANE WHITE® are under the purview of 18 U.S.C. § 8.

48. All bills of exchange sent to SUSAN JANE WHITE® are under the purview of 18 U.S.C. § 8.

49. SUSAN JANE WHITE® is able to legally create currency because it is a Federal Reserve Member Bank.

50. The Federal Reserve Bank is the custodian to pay on behalf of obligations or other securities of the United States (18 U.S.C. § 8).

51. This conditional acceptance was accepted by using a Trade Acceptance for payment.

52. A Trade Acceptance is an unconditional order to pay, pursuant to Business Law Today, Seventh Edition.

53. A Trade Acceptance is an unconditional order to pay.

54. A Trade Acceptance is a bill of exchange.

55. A payment coupon in the form of a Trade Acceptance was delivered to the CFO Mike McGuire, et al, and the fiction of law TRUIST, INC. (CORP #1), by USPS Priority Mail #9505 5156 1591 4031 4836 41, on February 2, 2024, at 10:05 am.

56. The amount of the Trade Acceptance was 235,822.49 dollars.

57. One Trade Acceptance was submitted to pay the entire amount of the above account.

58. The second conditional acceptance (second of 3 parcels), **NOTICE of Fault and opportunity to cure your fault** was a list of demands due to my payment not being applied to CORP #1's account by my Trade Acceptance.

5

59. The second of three parcels, Susan Jane White was claiming "title, rights, interest and equity owed to SUSAN JANE WHITE®".

60. The second of three parcels were delivered by USPS Priority Mail #9505 5156 1591 4043 4876 75, on February 14, 2024, at 3:51 pm.

61. The third of the three total parcels, **NOTICE of Self-Executing Default Judgement** was delivered by USPS Priority Mail #9505 5156 1591 4065 4943 61, on March 7, 2024, at 10:36 am.

62. This third parcel was Self-Executing requiring no affirmative action of the court or action under process issued by the court to execute it.

63. The three parcels were all directed to the CFO and CORP #1.

64. All three of these parcels ordered the CFO to apply the positive value of the negotiable instruments on the account to settle/set-off the account and bring it to zero.

65. No communications have been submitted to CORP #2.

66. Three parcels were sent to the CFO of CORP #3.

67. The first parcel, **NOTICE of Facts in Evidence** was sent to CORP #3 as proof of the Negotiable Instrument that was sent to CORP #1, to prove previous payment/settlement of account of CORP #1.

68. Included in the first parcel, Susan Jane White provided the proof of "title, rights, interest and equity owed to SUSAN JANE WHITE®.

69. Included in the first parcel, a **NOTICE to Verify Claim** was sent to CORP #3, with demand for Verified, Indispensable Evidence of their proof of claim.

70. Included in the first parcel, a **NOTICE and DEMAND** for Verified, Indispensable Evidence of original wet ink signatures between Susan Jane White and CORP #3.

71. Included in the first parcel, a demand for Verified, Indispensable Evidence of copy of application of the contract between Susan Jane White and CORP #3.

72. Included in the first parcel, a demand for Verified, Indispensable Evidence of copy licenses to do business in Utah, all oaths, bonds, foreign agent registrations, corporate charter, business licenses, and personal business cards.
73. Included in the first parcel, a demand for Verified, Indispensable Evidence of names, addresses, and telephone numbers of all witnesses to beginning and cause of every contract between Susan Jane White and CORP #3.
74. The first parcel was Served on CORP #3 by Priority Mail #9505 5156 1591 4170 5184 71, on June 21, 2024, at 8:59 am.
75. The second parcel **NOTICE of Fault and opportunity to cure your fault(s)** was sent to CORP #3.
76. The second parcel had very similar wording to the first parcel.
77. The second parcel was Served on CORP #3 by Priority Mail #9505 5156 1591 4199 5244 22, on July 19, 2024, at 1:30 pm.
78. The third parcel **NOTICE of Self-Executing Default Judgement** was delivered to CORP #3, by USPS Certified Mail #7021 0350 0000 8298 2229, on August 13, 2024, at 1:09 pm.
79. Included in the third parcel was Self-Executing requiring no affirmative action of the court or action under process issued by the court to execute it.
80. The three parcels were directed to the CFO of CORP #3.
81. All three parcels ordered CORP #3 to cease-and-desist as there was no consent to contract or joinder with them.
82. There will be no future consent to contract with CORP #3.
83. In essence, what Susan Jane White has been trying to do all this time is simply replace all previous, present, and future blank indorsements with special endorsements.
84. Fraud on CORP #1's account is due to a complete lack of disclosure of the terms of the loan as well as the collateralization of the original promissory note.

7

85. The orders inside the Trade Acceptance parcel constitute unconditional tender of payment in accordance with UCC 3-603.

86. The term "US dollars" includes Federal Reserve Notes.

87. Due to the original promissory note having been swapped for Federal Reserve Notes after the application was indorsed with a blank indorsement, the orders inside the parcels were payment for US dollars.

88. The orders sent by Susan Jane White are an unconditional order to pay/settle this account.

89. Inside this order contained a special endorsement for all past, present, and future negotiable instruments as follows:

**WITHOUT RECOURSE**
Pay to the order of:
SUSAN JANE WHITE

by: */s/ Susan Jane White*, agent
Susan Jane White, authorized representative

90. SUSAN JANE WHITE® is now the person entitled to enforce all negotiable instruments on the above accounts.

91. SUSAN JANE WHITE® is now the holder in due course regarding all negotiable instruments on the above account.

92. Three parcels were sent to Attorney, effectively eliminating any previous arbitration clauses or agreements under fraud.

93. The first parcel, **NOTICE and DEMAND**, was served by USPS Priority Mail #9505 5156 1591 4356 5697 78, on December 23, 2024, at 3:26 pm.

94. The second parcel, **NOTICE of Fault and opportunity to cure your fault,** and **NOTICE of Facts in Evidence**, was served by USPS Priority Mail #9505 5156 1591 5002 5730 33, On January 3, 2025, at 1:36 pm.

95. The third parcel, **NOTICE of Self-Executing Default Judgement** was served by USPS Priority Mail #9505 5156 1591 5021 5773 02, on January 28, 2025, at 11:27 am.

96. Document of Payment using Trade Acceptance was sent to CORP #1, requiring them to release the debt due to fraudulent activities in the transfer of the debt to CORP #3.

97. This parcel was delivered to the CORP #1 by USPS Priority Mail $9505 5156 1591 5032 5813 74, on February 3, 2025, at 2:27 pm.

98. Document of Payment using Trade Acceptance, was sent to CORP #3, requiring them to release the debt due to fraudulent activities in the transfer of the debt from CORP #1.

99. Parcel was delivered to CORP #3 by USPS Priority Mail #9505 5156 1591 5032 5813 98, on February 4, 2025, at 8:57 am.

100. Document of payment using Trade Acceptance was sent to Attorney, by USPS Priority mail #9505 5156 1591 5039 5834 87, on February 10, 2025, at 9:47 am.

### V.   COUNT ONE – BREACH OF CONTRACT:

101. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

102. The definition of "payment" is: "The fulfillment of a promise, or the performance of an agreement".

103. One definition for "tender" is: "The offer of performance, not performance itself, and, when unjustifiably refused, places other party in default and permits party making tender to exercise remedies for breach of contract".

104. The above definition is in accord with UCC 3-601(b).

105. CORP #1 by acquiescence, agreed to the contract and subsequently breached the contract by continuing to send Statements and Novation/Subrogation communications proving the account was imbalanced.

106. Had someone spoken to Susan Jane White about her options, she would have made a special endorsement on any instrument to properly perform.

107. Defendants ignored orders and questions from Susan Jane White and continued novation/subrogation presentments for the account, while not applying the settlement/set-off.

9

## VI. COUNT TWO – BREACH OF FIDUCIARY DUTIES:

108. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

109. SUSAN JANE WHITE® is the beneficiary of CORP #1.

110. CORP#1 has a fiduciary duty to invest SUSAN JANE WHITE's instrument safely and must show proof of where the instruments have been safely invested.

111. CORP#1 is paid to ensure the law is correctly applied in respect to beneficiary SUSAN JANE WHITE®.

112. CORP#1 has an obligation and desire to ensure that UCC Article 3 is properly followed.

113. CORP#1 has an obligation and desire to ensure that the Emergency Banking Act of 1933 is followed.

114. Once presented with orders or conditional acceptances above, CORP#1 never attempted to clarify or perform for Susan Jane White or SUSAN JANE WHITE®.

115. CORP #1 follows 12 U.S.C. § 412.

116. "TRUIST BANK" CORP #1 has had access to Federal Reserve Window services since July 11, 1994, according to the Federal Reserve Master Account and Services Database.

117. CORP #1 acknowledges that it would be in the best interest of their beneficiaries to do special endorsements on negotiable instruments.

118. CORP #1 acknowledges that, if clients know how to do special endorsement, a vast majority would do it.

119. CORP #1 never mentioned to neither Susan Jane White nor SUSAN JANE WHITE® about the benefits of special endorsements.

120. This harmed SUSAN JANE WHITE® by now having an imbalanced account and having to work to acquire extraneous and entirely irrelevant Federal Reserve Notes.

121. This breach of fiduciary duty has caused years of anxiety over the unnecessary use of extraneous Federal Reserve Notes.

### VII. COUNT THREE – 12 U.S.C. § 504 (CIVIL MONEY PENALTY – FEDERAL RESERVE ACT):

122.  Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

123.  This statute is involved due to failure to follow the orders of Susan Jane White.

124.  This Civil Money Penalty is collected and deposited into the Treasury, so the Plaintiff intends to send a copy of this complaint to the Securities Exchange Commission (SEC). Federal Reserve, Office of the Comptroller as well as the Treasury for inspection and collection. PLAINTIFF IS WILLING TO FOREGO THIS STEP IF DEFENDANTS ARE WILLING TO QUICKLY AND RAPIDLY ASSIST US IN OUR PRIOR ORDERS FOR THE EXCHANGE OF COLLATERAL SECURITIES (DEFENDANTS CAN SIMPLY PLACE "N/A" ON THIS LINE ITEM FOR ANSWER).

### VIII. COUNT FOUR – 18 U.S.C. § 1956 (LAUNDERING OF MONETARY INSTRUMENTS):

125.  Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

126.  Plaintiff had become the person entitled to enforce these instruments once negotiation was rescinded and clarified.

127.  Plaintiff became the holder in due course of these instruments once negotiation was rescinded and clarified. (Maxim of Law: "Money Refused Releases the Debtor")

128.  Illegal possession and transfer of the above negotiable instrument are retained currently with Defendant CORP #1.

### IX. COUNT FIVE – 18 U.S.C. § 2314 (TRANSPORTATION OF STOLEN SECURITIES):

129.  Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

130.  Unknown negotiation via a blank indorsement allowed CORP #1 to take possession of all collateral securities on this account fraudulently.

131. This transportation should have been done under special negotiation and should have been temporary until the application for notes via 12 U.S.C. § 412 was completed at the Federal Reserve Window.

132. CORP #1's "TRUIST, INC's" Federal Reserve Window access.

133. Each individual credit transaction on this account would be a separate charge of this felony.

### X. COUNT SIX – 18 U.S.C. § 1348 (SECURITIES AND COMMODITITES FRAUD):

134. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

135. Plaintiff was never informed as to these instruments being negotiable.

136. Plaintiff was never informed of various optional indorsements in accordance with UCC Article 3.

137. Plaintiff has a responsibility to avail herself of her optional endorsements, but CORP #1 could have spent a very short period of time to educate Plaintiff about endorsements as a part of their fiduciary duties.

138. Susan Jane White has clarified and ordered all current and future negotiations while rescinding all previous blank negotiation under fraud.

139. Fraud is due to complete failure to disclose the terms and options of signing/ endorsing above collateral securities.

140. This damaged Plaintiff materially due to valuable instruments being prolonged and not available for Plaintiff.

141. Due to Susan Jane White's signature being the birth of value for all the above negotiable instruments, Susan J. White and SUSAN JANE WHITE® are the second parties for all transactions in this deal.

142. Each individual credit transaction of this account would be a separate charge of this felony.

## XI.  COUNT SEVEN – 18 U.S.C. § 1581 (PEONAGE):

143. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

144. CORP #1 has placed Plaintiff in position of peonage based on debt servitude, using irrelevant and extraneous negotiable instruments called Federal Reserve Notes.

145. CORP #1 is responsible for educating and informing the Plaintiff of the special endorsements, and the negotiable instrument laws as outlined in UCC Article 3.

146. CORP #1 made it appear that Plaintiff was in debt by failing to help the Plaintiff do a special endorsement.

## XII.  COUNT EIGHT – 18 U.S.C. § 1583 (ENTICEMENT INTO SLAVERY):

147. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

148. Due to a failure to do a special endorsement (which could have easily been done), Plaintiff was enticed into having to pay each month using irrelevant and extraneous negotiable instruments called Federal Reserve Notes.

149. Susan Jane White was intimidated with fear of having SUSAN JANE WHITE® credit score attacked if she failed to supply irrelevant and extraneous Federal Reserve Notes each month.

150. Plaintiff has gotten absolutely no equal consideration in exchange for her collateral securities and negotiable instruments beyond the facilitation of security swaps and transfers.

151. CORP #1 could have informed Plaintiff of her option to do a special endorsement rather than a blank indorsement.

152. Due to the ease of which CORP #1 could have helped and informed the Plaintiff of a special endorsement vs. blank indorsement, it is assumed that the intent was to entice the Plaintiff into slavery.

153.     Susan Jane White was forced to serve in a slavery position due to complete fraud regarding the indorsement of the negotiable instruments produced on this account.

### XIII.    COUNT NINE – 18 U.S.C. § 1584 (SALE INTO INVOLUNTARY SERVITUDE):

154.     Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

155.     18 U.S.C. § 1584 includes forced sale into involuntary servitude.

156.     CORP #1 knowingly and willfully holds Susan Jane White and SUSAN JANE WHITE into involuntary servitude by forcing her to use irrelevant and extraneous negotiable instruments called Federal Reserve Notes.

157.     CORP #1 has obstructed, attempted to obstruct, or interfered with the enforcement of her negotiable instrument, by fear, intimidation and duress to perform unnecessarily under the threat of punishment (bad credit reporting).

### XIV.    COUNT TEN – 18 U.S.C. § 1589 FORCED LABOR):

158.     Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

159.     18 U.S.C. § 1589 includes forced services.

160.     Plaintiff was forced to provide entirely irrelevant Federal Reserve Notes after her collateral securities were purloined via a blank indorsement.

161.     CORP #1 should have been providing a service of swapping collateral securities under special negotiation.

162.     Susan Jane White would have been more than happy to pay a small swap fee for the service of exchanging collateral securities at the Federal Reserve Window.

163.     Instead, the Plaintiff was forced to perform each month unnecessarily under threat of punishment (bad credit reporting).

### XV.     COUNT ELEVEN – 18 U.S.C. § 1593a (BENEFITTING FINANCIALLY FROM PEONAGE, SLAVERY, AND TRAFFICKING IN PERSONS):

164.     Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

165.     CORP #1 benefits from a blank indorsement by being able to keep all the Federal Reserve Notes after the application for notes is complete (12 U.S.C. § 412).

166.     CORP #1 benefits from a blank indorsement by being able to collect the Federal Reserve Notes of the swapped collateral securities as well as the Federal Reserve Notes paid each month on the account.

167.     CORP #1 pretends they are the "lender" by claiming the collateral security, after it is released with the blank indorsement.

168.     Under special negotiation, SUSAN JANE WHITE® is actually the lender, and Susan Jane White is the borrower. CORP #1 is just a currency exchange at this point and facilitates Federal Reserve services.

169.     CORP #1 collects substantially more Federal Reserve Notes by carefully failing to inform their beneficiaries of their endorsement options.

170.     Due to lack of terms and communications, it is assumed that CORP #1 intended to entice its beneficiary into slavery for financial gain.

### XVI.   DEMANDS FOR RELIEF

171.     Full discharge of above loan in its current state. Either CORP #1 or CORP #3.

172.     Full refund of each individual extraneous payment made on the account using Federal Reserve Notes.

173.     All forms of consideration including the forbearance of a legal right (accepting an out-of-court settlement in exchange for dropping the lawsuit).

174.     $250,000,000.00 (two-hundred-fifty-million dollars) in damages. Payable in Federal Reserve Notes.

175.     Discharge of all previous recordings of NOTICE OF DEFAULT AND ELECTION TO SELL, in Sanpete County Recorder's Office.

176. Discharge of all previous recordings of APPOINTMENT OF SUBSTITUTION OF TRUSTEE, in Sanpete County Recorder's Office.

177. Full release of threat of auction sale of property due to false and misleading information recorded with the Sanpete County Recorder's Office.

178. Mail any and all copies of recorded discharge to the Plaintiff at the address below:

> Susan Jane White
> C/O P.O. Box 35
> Mount Pleasant, Utah near [84647]

## SUMMARY

NOW, THEREFORE, in accordance with the pertinent legal provisions and in the interest of justice, the Plaintiff respectfully requests this Honorable Court to issue an Order for the award of monetary damages against the Defendants, CORP #1, CORP #2, and CORP #3 and Attorney. Additionally, Plaintiff seeks any additional and appropriate relief that this Court, in its wisdom, may consider just and equitable given the circumstances at hand.

Under penalty of perjury, the above is true correct and certain. Entered this 24th day of March in the year of our Lord 2025.

By: *Susan Jane A White* ©
Susan Jane White, All Rights Reserved,
Without prejudice, Without Recourse,
Non-statutory, Non-commercial, Non-UCC, Living Woman