Susan Jane White
SUSAN JANE WHITE
C/O P.O. Box 35
Mount Pleasant, Utah near [84647]
(435) 610-1533
caddalchemy@protonmail.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| SUSAN JANE WHITE®, ) | |
|     Plaintiff, ) | **MEMORANDUM IN SUPPORT OF** |
| v. ) | **CLAIMANT'S MOTIONS FOR TEMPORARY** |
| KEVIN FRANKLIN PARRA, et al, ) | **RESTRAINING ORDER AND PRELIMINARY** |
| PLAZA HOME MORTGAGE, INC., ) | **INJUNCTION** |
| MIKE McGUIRE, et al, ) | |
| TRUIST BANK, INC., ) | |
| BARON SILVERSTEIN, et al, ) | Cause No.    4:25-cv-00030 |
| NEW REZ, INC., ) | |
| JOSHUA BISHOP, et al, ) | |
| SHELLPOINT MORTGAGE SERVICES, INC. ) | District Judge:   David Nuffer |
| BENJAMIN J. MANN, et al, ) | |
| JESSICA OLIVERI, et al, ) | |
| HALLIDAY, WATKINS & MANN, P.C., INC. ) | Magistrate Judge:   Paul Kohler |
|     Defendants. ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF CLAIMANT'S MOTION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUCTION**

    COMES NOW, person SUSAN JANE WHITE®, Claimant, by and through, Susan Jane White, Pro Se, allege and state as follows: **(Please note that spelling of each name is important and will always be as above throughout this claim for clarity in the court.)**

### I.    INTRODUCTION

1. Claimant's cause of action is brought before this Honorable Court for damages, against Defendant KEVIN FRANKLIN, et al, and PLAZA HOME MORTGAGE, INC., (hereinafter, collectively "PLAZA"), Defendant MIKE McGUIRE, et al, and TRUIST BANK, INC., (hereinafter, collectively "TRUIST"), Defendant BARON SILVERSTEIN, et al, and NEW REZ, INC., (hereinafter, collectively "NEWREZ"), Defendant JOSHUA BISHOP, et al, and SHELLPOINT MORTGAGE SERVICES, INC., (hereinafter, collectively "SHELLPOINT"), Defendants BENJAMIN J. MANN, and JESSICA OLIVERI, et al, and HALLIDAY, WATKINS

    & MANN, P.C., INC., (hereinafter, collectively "HALLIDAY"), for Temporary Restraining Order and Preliminary Injunction, pursuant to FRCP 65A.

2. **These Motions request preliminary injunctive relief stopping a foreclosure sale that is scheduled to occur on May 28, 2025, at 1:30 pm.** Claimant has been litigating this action for approximately 2 months. The subject of this lawsuit is a claim that the mortgage has been paid in full since the inception of the Loan, which has put the Claimant, and her husband, at grave risk of losing their home. Claimant requests damages and injunctive relief, as described in Claimant's Second Amended Claim, based on several violations of state and federal consumer protection laws.

3. In spite of the unresolved nature of Claimant's claims, the current holder of her first mortgage, Defendant HALLIDAY, as trustee for SHELLPOINT, insists on pursuing non-judicial foreclosure of the property, the trustee's sale of which is currently set for May 28, 2025, at 1:30 pm. SHELLPOINT and HALLIDAY, the foreclosure trustee, have both been notified of the filing of this motion.

## II.     JURISDICTION AND VENUE

4. The jurisdiction of this court arises under the Utah Rules of Civil Procedure Rule 65A. The venue in this district is proper in that the Defendants conduct business in Salt Lake County, Utah, and the allegations for damage occurred in Sanpete County, Utah.

## III.     LEGAL STANDARD FOR GRANTING PRELIMINARY INJUNCTIVE RELIEF

5. In the Ninth Circuit, a party seeking a preliminary injunction must meet one of two tests. Under the first, a court may issue a preliminary injunction if it finds that:

    a. The moving party will suffer irreparable injury if injunctive relief is not granted,

    b. The moving party will probably prevail on the merits,

    c. In balancing the equites, the non-moving party will not be harmed more than the moving party is helped by the injunction, and;

    d. Granting the injunction is in the public interest.

<u>National Wildlife Federation, et al, v. Tom Coston</u>, et al, 773 F.2d 1513, 1517 (9th Cir. 1985); <u>Stanley v. University of Southern California</u>, et al, 13 F.3d 1313, 1319 (9th Cir. 1994).

6. Alternatively, a court may issue a preliminary injunction if the moving party demonstrates either a combination of probable success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. Under this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown at an irreducible minimum that there is a fair chance of success of the merits.

### IV.     ARGUMENT

7. CLAIMANT IS LIKELY TO PREVAIL ON THE MERITS OR HAS RAISED SERIOUS QUESTIONS THAT WARRANT GRANTING PRELIMINARY INJUNCTIVE RELIEF.

8. A temporary restraining order is appropriate in this case, where the Claimant's Second Amended Claim and the declarations supporting this motion support her *prima facie* case that she has a valid right to rescind the loan.

9. In the year of 2024, Claimant sent in a payment in full on the balance of the loan. The terms of the loan were misrepresented to Claimant, and due to the unorthodox closing of the loan, Claimant did not receive full disclosure of the loan information when she signed. Claimant has alleged that the lack of disclosure violated the rights of the claimant to make and determine informed decisions about the loan, and involved several predatory features, most of them not an issue in the motion currently before the court.

10. Claimant has alleged that she did not receive a complete and accurate information when the loan closed; specifically, that she did not receive disclosures of how and when or why the note has been sold and or "cashed in" at the Federal Reserve Window. The extended right of recission is available when a creditor fails to deliver disclosures to each borrower whose home is secured by the loan. Reg. Z, § 226.23(a)(3) ("if the required notice or material disclosures are not delivered, the right to rescind shall expire three years after consummation."). In order to be considered

effective disclosure, all information regarding the Note and Loan must comply with the content and delivery requirements of Reg. Z and the Commentary. <u>Hauk v. JP Morgan Chase Bank USA</u>, 552 F.3d 1114 (9th Cir. 2009); <u>Semar v. Platte Valley Fed. Sav. & Loan Assn.</u>, 791 F.2d 699, 704 (9th Cir. 1986) (Technical or minor violations of TILA or Reg. Z, as well as major violations to impose liability on the creditor and entitle the borrower to rescind.").

11. In addition to the violations articulated above, the disclosures created in connection with Claimant's loan display conflicting information in the boxes that disclose the APR, finance charge and amount financed. Disclosures of these items were created by both Defendant SHELLPOINT, Defendant TRUIST, and Defendant PLAZA, and were presented to and signed by Claimant on the same day (although Claimant was not given information required to make good faith choices). See Declaration attached.

12. TILA and Reg. Z, and its implementing regulation, requires that disclosures be given "clearly and conspicuously in writing, in a form that the consumer may keep." 12 CFR § 226.17(a)(1). The Federal Reserve Board's Official Staff Interpretation of Regulation Z states that, "[t]his standard requires that disclosures be in a reasonable understandable form. For example, while the regulation requires no mathematical progression or format, the disclosures must be presented in a way that does not obscure the relationship of the terms to each other." 12 CFR § 226, Supp. I, at 17(a)(1).

13. Several courts have held that giving a borrower additional information at closing that is inconsistent with accurate disclosures violates "clear and convincing" requirement, giving rise to the extended right to rescind. This is true when conflicting disclosures are given, such as in <u>Handy v. Anchor Mortgage Corp.</u>, 464 F3d 760, 764 (7th Cir. 2006) (where a lender provided a borrower with two disclosure forms—one correct and one incorrect, the disclosure was unclear) and also when other non-disclosure loan documents are given that contain conflicting information. See, e.g., <u>Roberts v. Fleet Bank</u>, 342 F.3d 260, 267–68 (3d Cir. 2003) (in determining whether a required disclosure is clear, the court may consider other information that

the lender provided to the borrower); Shroder v. Suburban Coastal Corp., 729 F.2d 1371, 1381 (11th Cir. 1984) (description of loan terms in disclosure statement that conflicts with description of loan terms contained in note is a violation). This approach has been followed in the Ninth Circuit district courts as well. See Amparan v. Plaza Home Mortg., 678 F. Supp. 2d 961; 2008 U.S. Dist. LEXIS 109148 (N.D. Cal., Dec.17, 2008), and cases cited therein, e.g., Plascencia v. Lending 1st Mortg., 2008 U.S. Dist. LEXIS 87300, 18-19 (N.D. Cal. Apr. 28, 2008) (denying motion to dismiss claim based on alleged lack of clarity created by statements made in promissory note compared to disclosure of APR and possibility of negative amortization); Pham v. T.J. Fin., Inc., No. CV-08-275 ABC, 2008 U.S. Dist. LEXIS 72150 (C.D. Cal. Aug. 11, 2008) (similar holding).

14. It does not matter that some of the conflicting documentary information alleged to have been signed by Claimant was presented to her at closing but not given to her in a form that he could keep. Additional inconsistent information disrupts clear and conspicuous disclosure even if it is only presented verbally. A similar result should follow when a borrower is shown inconsistent information while signing loan documents, even if that information is not taken away from the closing table. i.e., access to Securitization Audit, Bloomburg Financial Audit, and/or Rest Report.

15. For the reasons articulated above, the record shows that the conflicting disclosures render defective every disclosure that should have been delivered. The documents attached as Exhibit A to the declaration of counsel evidence these violations. Therefore, the plaintiff is highly likely to successfully establish liability against the bank or has at least raised significant questions of potential liability that warrant granting preliminary relief.

   **V. BALANCE OF POTENTIAL HARM TIPS IN FAVOR OF CLAIMANT**

16. A temporary restraining order is within the public interest in this matter. The state of Utah has a clear interest in protecting citizens from being dispossessed of their homes in violation of Utah law, which is evident form the language of the Utah trust deed foreclosure procedures at Utah Code 57-1-23 through 57-1-31, and the cases interpreting those statutes. Utah consumer-

protective procedures strongly indicate the government's concern for promoting homeownership and deterring unfair lending practices that lead to the loss of homes.

### VI. PROPOSAL FOR SECURITY OFFERED BY MOVANT

17. Defendants have been unwilling to voluntarily agree with Claimant's request for cooperation in preserving the status quo while the parties attempt to resolve this dispute. Claimant has shown her entitlement to preliminary injunctive relief, as explained in this Motion and the supporting documents on file with it. Therefore, Claimant asks the Court for a temporary restraining order and preliminary injunction as follows:

   a. Restraining the Defendants SHELLPOINT and HALLIDAY, their agents, employees, and any other entities under their control, from conducting a trustee sale of the Claimant's home on May 28, 2025, at 1:30 pm., or otherwise attempting to dispossess the Claimant of the property identified in paragraph 1 of the Motion for Temporary Restraining Order and Preliminary Injunction,

   b. Restraining the Defendants from rescheduling or conducting a later trustee's sale,

   c. Ordering Defendants to show cause as soon as is practicable why the temporary restraining order should not persist through the duration of this action.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Dated this 12th day of May 2025

Respectfully submitted,

by: _____
Claimant, Susan Jane White, Without Prejudice