THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

SUSAN JANE WHITE,

Plaintiff,

v.

KEVIN FRANKLIN PARRA; PLAZA HOME MORTGAGE, INC.; MIKE McGUIRE; TRUIST BANK, INC.; BARON SILVERSTEIN; NEW REZ, INC.; JOSHUA BISHOP; SHELLPOINT MORTGAGE SERVICES, INC.; BENJAMIN J. MANN; JESSICA OLIVERI; HALLIDAY, WATKINS & MANN, P.C., INC.,

Defendant.

**MEMORANDUM DECISION AND ORDER DENYING [53] MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**
**and**
**ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**

Case No. 4:25 cv 30 DN

District Judge David Nuffer

Plaintiff Susan White filed a Motion for Temporary Restraining Order and Preliminary Injunction ("Motion"),[1] seeking a court order temporarily restraining and enjoining Defendants Shellpoint and Halliday from conducting a "trustee's sale of [Plaintiff's home]."[2] The sale is scheduled for May 28, 2025.[3] The Motion was taken under advisement and the parties directed to file responses by Monday, May 19, 2025, and any reply by Thursday, May 22, 2025.[4]

[1] Claimant's Motion for Temporary Restraining Order and Preliminary Injunction ("Motion"), docket no. 53, filed May 12, 2025; Memorandum in Support of Claimant's Motions for Temporary Restraining Order and Preliminary Injunction ("Plaintiff's Memorandum"), Docket 53-1, filed May 12, 2025.

[2] Plaintiff's Memorandum ¶ 2 at 2 (emphasis in original).

[3] *Id.*

[4] Docket Text Order no. 54, entered May 14, 2025.

In three filings, nine of eleven defendants[5] filed oppositions to the Motion:

- Defendants New Rez LLC d/b/a Shellpoint Mortgage Servicing, Baron Silverstein, and Joshua Bishop filed a joint opposition[6];
- Defendants Truist Bank and Mike McGuire filed a joint opposition[7]; and
- Defendants Halliday, Watkins & Mann, P.C., Jessica Oliveri, and Benjamin J. Mann filed a joint opposition.[8]

Plaintiff White did not file a reply.

For the reasons set forth below, Plaintiff's Motion[9] is DENIED. Also, this order requires that White SHOW CAUSE, in writing, within twenty-eight (28) days after entry of this order, why this case should not be dismissed for lack of federal subject matter jurisdiction.

## BACKGROUND

Ms. White, proceeding *pro se*, commenced this action on March 24, 2025.[10] Her many causes of action arise out of an allegedly invalid foreclosure of a trust deed on property in Sanpete County, Utah. Seven days later she amended the complaint,[11] adding parties, and simultaneously filed an "Injunction for Relief of Treat [sic] of Foreclosure" ("Injunctive Relief

---

[5] Motion ¶ 9 at 3 ("Defendant PLAZA and TRUIST are not required to take a position on this Motion.").

[6] Defendants New Rez LLC d/b/a Shellpoint Mortgage Servicing, Baron Silverstein, and Joshua Bishop's Opposition to Motion for Temporary Restraining Order and Preliminary Injunction, docket no. 55, filed May 16, 2025 (collectively referred to as "Defendant's Shellpoint Opposition").

[7] Defendant Truist Bank's Amended Response to Claimant's Motion for Temporary Restraining Order and Preliminary Injunction, ("Defendant Truist's Opposition"), docket no. 57, filed May 16, 2025.

[8] Response to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction ("Defendant HWM's Opposition"), docket no. 58, filed May 19, 2025.

[9] Claimant's Motion for Temporary Restraining Order and Preliminary Injunction ("Motion"), docket no. 53, filed May 12, 2025.

[10] Complaint, docket no. 1, filed Mar. 24, 2025.

[11] Amended Complaint, docket no. 14, filed Mar. 31, 2025. A motion to file a second amended complaint is pending. Docket no. 52, filed May 8, 2025. The proposed second amended complaint appears to claim only damages and declaratory relief.

Motion"), which was docketed and treated as a motion.[12] Due to lack of notice to the parties and due to substantive deficiencies, that motion was denied.[13] As the trustee's sale draws near, Plaintiff is once again seeking to enjoin the Defendants from proceeding.[14]

## DISCUSSION

A Plaintiff seeking a temporary restraining order under Federal Rule of Civil Procedure 65 must demonstrate: (1) a substantial likelihood of success on the merits; (2) a likelihood that Plaintiff will suffer irreparable harm without the preliminary relief; (3) that the balance of equities tips in Plaintiff's favor; and (4) that the injunction is in the public interest.[15] Each of the elements for issuance of a temporary restraining order will be addressed in turn.

### Ms. White Does Not Show Substantial Likelihood of Success on the Merits

White has brought eleven causes of action against defendants related to the trustee's foreclosure sale related to her home.[16] The Motion does not specifically address each of these causes of action in turn, but simply claims that she is substantially likely to be successful because "she has a valid right to rescind the loan."[17] She alleges, without any evidence or support, that "[i]n the year 2024, Claimant sent in a payment in full on the balance of the loan."[18] In the Amended Complaint, White refers to the payment as a "Trade Acceptance": "A parcel was sent to TRUIST which included a Trade Acceptance, dated January 31, 2024."[19] It appears from the

---

[12] Docket no. 15, filed March 31, 2025.

[13] Memorandum Decision and Order Denying [15] Motion for Injunction for Relief of Treat (sic) of Forclosure (sic), docket no. 18, entered April 4, 2025.

[14] Motion at 2–3.

[15] *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1157 (10th Cir. 2011).

[16] Amended Complaint, docket no. 14, filed March 31, 2025.

[17] Plaintiff's Memorandum ¶ 8 at 3.

[18] *Id.* ¶ 9 at 3.

[19] Amended Complaint ¶55 at 6.

Amended Complaint that the Trade Acceptance was "another entire promissory note in order to perform on the mortgage."[20] White has not produced a copy of the Trade Acceptance, or a promissory note, cancelled check, bank statement, or any other documentation to support her assertion that the loan was paid in full.

She further argues that she is likely to be successful on her claims because did not receive "full disclosure of the loan information when she signed" as required under the Truth and Lending Act (TILA). But she does not plead any causes of action under the TILA or identify what documents or which TILA sections defendants violated.[21]

Without supportive facts, or case law, or a well-pleaded Amended Complaint, Plaintiff has not demonstrated how she is likely to be successful on any of the eleven causes of action plead.

**No Demonstrated Irreparable Harm**

"A plaintiff suffers irreparable injury when the court would be unable to grant an effective monetary remedy after a full trial because such damages would be inadequate or difficult to ascertain."[22] "While the sale of her residence would clearly be disruptive to White, such a disruption and any accompanying injuries are not irreparable, because damages could be quantified with relative ease, and an effective monetary remedy granted."[23]

Plaintiff asserts. without legal support.t that the irreparable harm is the loss of the property acquired in 2020, claiming: "Real property is unique, and money damages are not

---

[20] Amended Complaint, ¶ 82 at 8.

[21] Plaintiff's Memorandum ¶¶ 10–15 at 3-4; *see also* Amended Complaint.

[22] *Holweg v. Accredited Home Lenders, Inc.*, No. 2:09-CV-1 TS, 2009 WL 29703, at *1 (D. Utah Jan. 5, 2009) (quoting *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1156 (10th Cir.2001)).

[23] *Holweg,* 2009 WL 29703, at *1 (D. Utah Jan. 5, 2009).

adequate to compensate parties for its loss when it is wrongfully conveyed to another."[24] The Amended Complaint seeks monetary damages and other relief.[25] Therefore, White has not demonstrated irreparable harm because monetary damages, if any, would be sufficient.

**Potential Harm and Public Interest**

"[A] court must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief."[26] "[T]he public has an interest in … the enforcement of lawful contractual obligations…."[27]

White collapses the last two elements required for issuance of preliminary injunctive relief. She asserts that the balance of harms weighs in her favor because the "state of Utah has a clear interest in protecting citizens from being dispossessed of their homes in violation of Utah law. . . ."[28] She then cites the Utah foreclosure statutes.[29] White's argument would be true if the loan was paid in full, but she has not produced any evidence that the obligation has been paid. The harm to Defendants outweighs any harm Plaintiff has suggested.

The public interest is served by the remedies outlined in the Utah statutes governing trust deed foreclosure.

---

[24] Motion ¶ 6 at 3.

[25] Amended Complaint ¶¶ 177-184 at 17.

[26] *Amoco Production Co. v. Village of Gambell*, 480 U.S. 531, 542 (1987).

[27] *MC Oil v. Ultra Res., Inc.*, 2015 WL 5126268, * 2 (D. Utah Sept. 1, 2015) (quoting *Neways Inc. v. Mower*, 543 F.Supp.2d 1277, 1290 (D. Utah Feb. 11, 2008)).

[28] Plaintiff's Memorandum ¶ 16 at 5.

[29] *Id.*

## JURISDICTION

Whenever a question arises as to the existence of federal jurisdiction, a federal court has a duty to consider *sua sponte* whether it has subject matter jurisdiction.[30] If the court determines that it lacks subject matter jurisdiction, it must dismiss the case.[31]

A plaintiff is required to affirmatively assert the basis of federal subject matter jurisdiction in their complaint.[32] Federal subject matter jurisdiction among private parties can be established in one of two ways—through presence of a federal question or though diversity of parties.[33]

Docket Text Order No. 54 took the Motion under advisement and directed that the responses to the Motion address jurisdiction.[34] In her Motion, White recites Rule 65A of the Federal Rules of Civil Procedure as the basis for federal jurisdiction.[35] Her Memorandum states "[t]he jurisdiction of this court arises under the Utah [sic] Rules of Civil Procedure Rule 65A."[36] However, this is a procedural rule that does not confer jurisdiction. None of the defendants addressed federal jurisdiction in their responses.

**Federal Question Jurisdiction.** Absent diversity jurisdiction, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." [37] White's original complaint claimed jurisdiction under 28 USC § 1331,[38] which

---

30 *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977).

31 Fed. R. Civ. P. 12(h)(3).

32 *Id*. at 8(a)(1).

33 28 U.S.C. §§ 1331, 1332.

34 Docket Text Order no. 54, filed May 14, 2025.

35 Motion ¶ 2 at 2.

36 Plaintiff's Memorandum ¶ 4 at 2.

37 *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

38 Complaint ¶ 3 at 2.

provides this court with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." However, that complaint stated only Utah state causes of action for breach of contract and breach of fiduciary duties and referred to several federal criminal statutes without any clear statement that they provide private rights of action. White has not adequately pled federal question jurisdiction.

**Diversity Jurisdiction.** Diversity jurisdiction requires a complaint to allege that "all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation[,]"[39] and that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]"[40] White's Amended Complaint makes no express statement regarding diversity jurisdiction, except to allege that she "satisfies the jurisdictional requirements of the court" because

> Through the power of naturalization, found in 8 U.S.C. 1101(a)(23), Susan Jane White confers the nationality of the State called "State of UTAH" on SUSAN JANE WHITE®, after birth, by any means whatsoever.[41]

That sentence has no discernible legal meaning. She also alleges that she is "domiciled in Sanpete County, Utah."[42]

She asserts that each defendant "is a person doing business in the "STATE OF UTAH", through the power of naturalization."[43] She makes other allegations about defendant entities' places of incorporation and principal places of business.[44] She alleges that Halliday, Watkins & Mann, P.C., Inc., is "a Utah Domestic For-Profit Corporation with its principal place of business

---

[39] *Depex Reina 9 P'ship v. Texas Int'l Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir. 1990).

[40] 28 U.S.C. § 1332(a).

[41] *Id.* ¶ 3 at 2.

[42] *Id.* ¶10 at 2.

[43] *Id.* ¶¶5-9 at 2.

[44] *Id.* ¶¶11-15 at 3-4.

located in the State of Utah."[45] The allegation about Halliday, Watkins & Mann, P.C., Inc. destroys any claim of diversity jurisdiction.

The Amended Complaint and Motion make no adequate statement supporting federal subject matter jurisdiction.

**ORDER**

IT IS HEREBY ORDERED that the Motion[46] is DENIED.

IT IS FURTHER ORDERED that White must SHOW CAUSE, in writing, within twenty-eight (28) days after entry of this order, why this case should not be dismissed for lack of federal subject matter jurisdiction.

Dated May 26, 2025.

BY THE COURT:

____________________________
David Nuffer
United States District Judge

[45] *Id.* ¶15 at 4.

[46] Claimant's Motion for Temporary Restraining Order and Preliminary Injunction ("Motion"), docket no. 53, filed May 12, 2025.