THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SUSAN JANE WHITE,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>KEVIN FRANKLIN PARRA; PLAZA HOME MORTGAGE, INC.; MIKE McGUIRE; TRUIST BANK, INC.; BARON SILVERSTEIN; NEW REZ, INC.; JOSHUA BISHOP; SHELLPOINT MORTGAGE SERVICES, INC.; BENJAMIN J. MANN; JESSICA OLIVERI; HALLIDAY, WATKINS & MANN, P.C., INC.,<br><br>　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER (1) GRANTING DEFENDANTS TRUIST BANK AND MIKE MCGUIRE'S [70] MOTION TO DISMISS AMENDED COMPLAINT AND (2) DISMISSING CASE FOR LACK OF JURISDICTION**<br><br>Case No. 4:25-cv-00030 DN<br><br>District Judge David Nuffer |

　　　　On May 26, 2025, Plaintiff Susan White's Motion for Temporary Restraining Order and Preliminary Injunction was denied and she was ordered, sua sponte, to show cause, "in writing, within twenty-eight (28) days after entry of this order, why this case should not be dismissed for lack of federal subject matter jurisdiction."[1] The order to show cause explained that "[f]ederal subject matter jurisdiction among private parties can be established in one of two ways—through presence of a federal question or though diversity of parties"[2] and explained at length why neither appeared to be present.[3]

---

[1] Memorandum Decision and Order Denying [53] Motion for Temporary Restraining Order and Preliminary Injunction and Order to Show Cause re Subject Matter Jurisdiction, docket no. 62, filed May 26, 2025.

[2] *Id.* at 6.

[3] Id. at 6-8.

On May 27, 2025, Plaintiff White filed a document titled, "Amended Testimony in the Form of an Affidavit of Facts" ("Affidavit of Facts").[4] This document does not directly address federal subject matter jurisdiction. But she claims that "the US government does not have the authority to unilaterally assume dominion over sovereign American lands, native or otherwise . . . ."[5] The property subject of the action is within the United States. And she also claims that she is "not a U.S. Citizen, or citizen of the United States, or a Fourteenth Amendment Federal Citizen or Employee . . . ."[6] White thereby appears to deny federal jurisdiction.

Defendants Truist Bank and Mike McGuire filed a motion to dismiss the amended complaint ("Motion")[7] They argued the points raised in the order to show cause:

- Because both Plaintiff and Defendant [Halliday, Watkins & Mann, P.C.] are citizens of the State of Utah, diversity jurisdiction does not exist in this case.[8]
- None of the Title 18 Provisions under which Plaintiff alleges her claims provide a private right of action.[9]
- Plaintiff also cannot show that either of her state-law claims—breach of contract or breach of fiduciary duty—"necessarily" turns on construction of . . . any federal law.[10]

White filed no opposition to the Motion.

After review, and consideration of the Plaintiff's Affidavit of Facts and the Motion, and with just cause appearing therefor,

---

[4] Docket no. 64.

[5] *Id.* at 7.

[6] *Id.* at 1.

[7] Defendants Truist Bank and Mike McGuire's Motion to Dismiss Amended Complaint, docket no. 70, filed June 9, 2025.

[8] *Id.* at 5.

[9] *Id.*

[10] *Id.* at 6.

IT IS HEREBY ORDERED that the Motion[11] is GRANTED and this case is DISMISSED without prejudice because the amended complaint fails to establish federal subject matter jurisdiction.

The Clerk is directed to close the case.

Dated July 22, 2025.

BY THE COURT:

_David Nuffer_
David Nuffer
United States District Judge

---

[11] *Id.*